· HENRY HERBIEN VS. BELLE V. WARREN *et al.*

1. A court of law or equity will not interfere to determine the question of title to public lands until the· adverse claims have been finally determined by the Land Department.

2. A complaint to set aside an award of townsite trustees, to public lands, which does not show that the cause has been finally determined in the Land Department, fails to state a cause of action.

*Error from the District Court of Logan County.*

*H. R. Thurston,* for appellant.
*Horace Speed,* for appellees.

Opinion by BURFORD, J.:   The appellant brought his action in the district court of Logan county to set aside the award of the townsite board and to have a conveyance decreed to him of certain lots in East Guthrie, O. T.

The complaint shows that he and the appellee, Belle V. Warren, were each claimants and applicants for said lots before the townsite trustees, who are the co-appellees in this action; that their rights were passed upon by the said trustees and an award made and judgment entered by said trustees in favor of the appellee, Belle V. Warren, and against the appellant; that she was held to be the rightful occupant and

claimant of said lots and entitled to a conveyance therefor.   Appellant further alleges that the award was procured by fraud and perjury and a misapplication of the law, and that he was entitled to said award upon the evidence and under the law applicable to such cases, and he asked to have said cause tried by the district court, said award cancelled and a conveyance decreed to him.

The defendants answered this complaint by setting up their official character and admitting the trial and award as alleged by appellant, but say that he had appealed from said award to the commissioner of the general land office at Washington, and that said appeal was still pending and undisposed of and asked that he be estopped from proceeding in the district court.

To this answer the appellant filed a general demurrer, and for cause says that said answer does not state facts sufficient to constitute a defense to his cause of action.

The court carried this demurrer back and sustained it to the complaint, for the reason that it does not state facts sufficient to constitute a cause of action.

The appellant refused to plead further and judgment was entered on demurrer for defendants.

From this judgment plaintiff appeals and assigns as error the ruling of the court in sustaining the demurrer to his complaint.

We think the court committed no error in sustaining the demurrer to the complaint.   Before a court will interfere to determine the respective rights of claimants to title to public lands, the matter must have been finally determined by the land department.

There is no allegation or showing in the complaint that the award of the townsite trustees had become final, and until it had become final, the appellant had no standing in the court.

These propositions are too well established to require elucidation or citation of authorities.

This proceeding was no doubt brought at a time when it was thought that the award of the townsite trustees was final and that no appeal could be taken therefrom to the department officers, but this question having been settled by the supreme court of the United States in the case of *Smith & Bradley vs. McDaid, et al.*, appealed from this court, the ruling becomes decisive of this case.

The judgment of the district court is affirmed with costs.

All the Justices concurring.